UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DIETGOAL INNOVATIONS, LLC ('561)
PATENT LITIGATION                                                          MDL No. 2507


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, patentholder DietGoal Innovations, LLC (DietGoal) moves for centralization of this patent infringement litigation in the Eastern District of Texas. This litigation currently consists of 22 actions pending in five districts, as listed on Schedule A.[1]

Thirty-five defendants[2] responded in opposition to DietGoal's motion. Several defendants suggest that, in the event that the Panel is inclined to centralize the litigation, the transferee district should be one of the following districts: the Southern District of New York, the Western District of Oklahoma or the Eastern District of Virginia.

These actions involve similar allegations of infringement of U.S. Patent No. 6,585,516 ('516 patent) entitled "Method and Systems for Computerized Visual Behavior Analysis, Training and Planning." The '516 patent relates to the field of computer-based methods of employing visual techniques for training individuals to modify behavior, and planning by individuals for modified behavior. Specific applications of the patent include training individuals to modify diet behavior and

---

[*] Judges John G. Heyburn II, Paul J. Barbadoro and Lewis A. Kaplan took no part in the decision of this matter.

[1] There were 25 actions listed on DietGoal's motion for centralization, but three actions pending in the Central District of California (one action) and the Eastern District of Texas (two actions) were subsequently dismissed during the motion's pendency.

[2] Arby's Restaurant Group, Inc.; Bravo Media, LLC; Chipotle Mexican Grill, Inc.; CKE Restaurants, Inc.; Culver Franchising System, Inc.; Darden Corp.; Deli Management, Inc. d/b/a Jason's Deli; DineWise, Inc.; Doctor's Associates, Inc. d/b/a Subway; Domino's Pizza, Inc.; Dunkin' Brands Group, Inc.; El Pollo Loco, Inc.; General Mills Sales, Inc.; Hearst Communications, Inc. d/b/a Seventeen Magazine; International Dairy Queen, Inc.; Jack in the Box Inc.; Marco's Franchising, LLC; McDonald's Corp.; Meredith Corp.; Moe's Franchisor LLC; Mrs. Fields Famous Brands, LLC; Red Robin International, Inc.; Rubio's Restaurants, Inc.; Starbucks Corp.; Steak 'N Shake Enterprises, Inc. and Steak 'N Shake Operations Inc.; Sweetgreen, Inc.; Taco Bell Corp.; Taco John's International, Inc.; Taco Mayo Franchise Sys., Inc.; Time Inc.; Tyson Foods, Inc.; Wegmans Food Markets, Inc.; Wendy's International, Inc.; and Whataburger Restaurants LLC.

-2-

plan for improved diet practices. There is undoubtedly factual overlap among these actions. However, in these circumstances, several considerations have persuaded us that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.

The disparate progress of the actions, the heightened inconvenience that transfer may cause certain parties, and the history of dismissals in this litigation all weigh against centralization here. This litigation began in September 2011. Centralization likely will hinder the progress of the more advanced Eastern District of Texas actions that involve the majority of the defendants. The Eastern District of Texas *Kellan* action, which involves nearly a third of the litigations' remaining defendants, is significantly advanced, with a *Markman* hearing already held, fact discovery concluding in March 2014, and jury selection scheduled to commence on June 2, 2014. Centralization may well delay the progress of this action. Centralization also threatens to slow the progress of the somewhat advanced Eastern District of Texas *Arby's* action, which involves over a third of the remaining defendants.

During the pendency of this litigation, ten defendants have been transferred to a different forum pursuant to Section 1404. In several instances, defendants later have been re-transferred to a different forum. Centralization, in our opinion, would especially inconvenience these defendants.

Finally, the Panel often looks to licensing activity or a pattern of dismissals in patent litigation to determine whether the cases will require significant judicial attention in the absence of centralization.[3] At its height, this litigation involved over 75 defendants; today, more than half of those defendants have been dismissed. Since this motion was filed, an additional three actions have been dismissed. It seems likely that many of the remaining actions will be resolved in a similarly efficient fashion.

---

[3] *See In re: ArrivalStar S.A. Fleet Mgmt. Sys. Pat. Litig.*, 802 F.Supp.2d 1378, 1379 (2011) ( "[T]he patentholder, and other parties opposing centralization of their individual actions, have convinced us that centralization in fact may thwart the orderly resolution of these patent cases. ArrivalStar has brought nearly 100 actions since it began bringing infringement suits in various districts across the country approximately seven years ago, and none of the actions thus far appear to have required significant judicial attention."). *See also In re: Brandywine Comms. Techs., LLC Pat. Litig.*, MDL No. 2462, 2013 WL 4048510 (J.P.M.L. Aug. 8, 2013) (denying centralization where more than half of the defendants had settled and "actions are being litigated in a manner that is likely to lead to their resolution").

-3-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chairman

Charles R. Breyer         Sarah S. Vance
Ellen Segal Huvelle

IN RE: DIETGOAL INNOVATIONS, LLC ('561)
PATENT LITIGATION                                                    MDL No. 2507

## SCHEDULE A

    <u>District of District of Columbia</u>

DietGoal Innovations LLC v. Sweetgreen, Inc., C.A. No. 1:13-2032

    <u>Southern District of New York</u>

DietGoal Innovations LLC v. Hearst Communications, Inc., d/b/a Seventeen Magazine,
    C.A. No. 1:13-8379
DietGoal Innovations LLC v. Time, Inc., C.A. No. 1:13-8381
DietGoal Innovations LLC v. Meredith Corporation, C.A. No. 1:13-8384
DietGoal Innovations LLC v. Bravo Media LLC (Division of NBC Universal Media,
    LLC), C.A. No. 1:13-8391

    <u>Western District of Oklahoma</u>

DietGoal Innovations LLC v. Taco Mayo Franchise Systems, Inc., C.A. No. 5:13-00372

    <u>Eastern District of Texas</u>

DietGoal Innovations LLC v. Arby's Restaurant Group, Inc., et al., C.A. No. 2:11-00418
DietGoal Innovations LLC v. General Mills Sales, Inc., C.A. No. 2:12-00331
DietGoal Innovations LLC v. Tyson Foods, Inc., C.A. No. 2:12-00338
DietGoal Innovations LLC v. Whataburger Restaurants LLC, C.A. No. 2:12-00340
DietGoal Innovations LLC v. Doctor's Associates, Inc., C.A. No. 2:12-00736
DietGoal Innovations LLC v. Red Robin International, Inc., C.A. No. 2:12-00737
DietGoal Innovations LLC v. Kellan Restaurant Management Corp. d/b/a 54th Street
    Grill & Bar, C.A. No. 2:12-00761
DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc., C.A. No. 2:12-00764
DietGoal Innovations LLC v. Freshii USA, Inc., C.A. No. 2:12-00768
DietGoal Innovations LLC v. Marco's Franchising, LLC, C.A. No. 2:12-00770
DietGoal Innovations LLC v. Taco John's International, Inc., C.A. No. 2:12-00775
DietGoal Innovations LLC v. Genghis Grill Franchise Concepts, LP,
    C.A. No. 2:12-00777
DietGoal Innovations LLC v. Mrs. Fields Famous Brands, LLC, C.A. No. 2:13-00042

    <u>Eastern District of Virginia</u>

DietGoal Innovations LLC v. Wegmans Food Markets, Inc., C.A. No. 2:13-00154
DietGoal Innovations LLC v. Dunkin' Brands Group, Inc., C.A. No. 2:13-00401
DietGoal Innovations LLC v. Domino's Pizza, Inc., C.A. No. 2:13-00430